40 F.3d 474
 309 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MJ LYN REALTY, INC.
v.
The WIRTHLIN GROUP, et al.
 No. 94-7023.
United States Court of Appeals, District of Columbia Circuit.
 Oct. 20, 1994.
 
 Before: WILLIAMS, GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The decision of the district court is reviewable for abuse of discretion, but an exercise of discretion based upon a misapprehension of the law is an abuse of discretion. See, e.g., In re Subpoena Served upon the Comptroller of the Currency, 967 F.2d 630, 633 (D.C.Cir.1992). The district court based its ruling on two legal errors. First, Wirthlin documents relating to survey methodology are indeed relevant to the Lanham Act claim asserted by RE/MAX. Even if Century 21's advertisements accurately report the Wirthlin survey's conclusions, the advertisements may violate the Lanham Act if the conclusions themselves are false because of methodological defects or design flaws in the survey, see Vidal Sassoon, Inc. v. Bristol-Myers Co., 661 F.2d 272, 275, 277-78 (2d Cir.1981), and the RE/MAX claim clearly puts such asserted methodological errors in issue, see, e.g., Joint Appendix 23-25. Second, intent is not a necessary element of a false advertising claim under the Lanham Act. See ALPO Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 964 (D.C.Cir.1990). Century 21 could be held liable for citing methodologically flawed surveys, whether or not it knew of or intended the flaws, and even though the surveys were conducted by an independent market research firm. See Vidal Sassoon, 661 F.2d 272. Century 21's intent may, of course, be relevant for certain purposes. See Johnson & Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp., 960 F.2d 294, 298-99 (2d Cir.1992).
 
 
 3
 For these reasons, it is ORDERED and ADJUDGED, by the Court, that the district court decision is reversed and the case remanded. On remand, the district court will evaluate the motion to compel production of documents in light of this order.
 
 
 4
 The Clerk is directed to issue the mandate herein immediately.